United States District Court
Southern District of Texas
**ENTERED**
December 13, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ADEDJI O. ADEKEYE,<br>(TDCJ-CID #1829923) | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-16-0925 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

In 2013, a Texas state court jury convicted the petitioner, Adedji O. Adekeye, of attempted aggravated robbery. The sentence was enhanced by a previous felony conviction charged in the indictment. Adekeye is now serving a 35-year sentence. He seeks relief under 28 U.S.C. § 2254, asserting ineffective assistance of trial and appellate counsel and insufficient evidence to support his conviction. The respondent has moved for summary judgment, (Docket Entry No. 14), and filed a copy of the state-court records. Adekeye has not filed a response.

Based on the pleadings, the motions and briefs, the record, and the applicable law, the court grants the respondent's motion, denies Adekeye's petition, and enters final judgment by separate order dismissing the case. The reasons for these rulings are set out below.

## I. Procedural Background

After a jury found Adekeye guilty of the felony offense of attempted aggravated robbery, the judge sentenced him to a 35-year prison term. (Cause No. 134902501010). The Fourteenth Court of Appeals of Texas affirmed Adekeye's conviction on June 12, 2014. *Adekeye v. State*, 437 S.W.3d 62, 66 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). The Texas Court of Criminal Appeals

refused the petition for discretionary review. Adekeye filed an application for state habeas corpus relief, which the Texas Court of Criminal Appeals denied without a hearing or written order.

In this federal habeas petition, Adekeye asserts the following claims:

(1)     the evidence was insufficient to support his conviction;

(2)     trial counsel was ineffective in failing to file a motion to prevent the jurors from learning about his prior robbery convictions, investigate or request funds to hire an investigator, and request a limiting instruction on the extraneous offenses;

(3)     appellate counsel was ineffective for failing to adequately brief the prejudice prong of *Strickland* in her brief; and

(4)     his due process rights were violated when the state intermediate appellate court accepted an inadequate brief.

Each claim and the response is examined in light of the state-court record and the governing law.

## II.     Factual Background

The state appellate court summarized the evidence at trial, as follows:

This case is about a thwarted robbery attempt. The crime occurred near a hair salon in a mostly vacant shopping center. The owner of the salon was sitting near the storefront, waiting for customers to arrive, when she noticed a suspicious woman walking by. The woman was wearing an unkempt wig and ripped jeans, and her movements were very slow. The woman passed by the salon twice in one minute. Within another two or three minutes, a white, older-model SUV parked in front of the salon. The salon owner grew concerned because the vehicle had no license plates and it was parked in reverse, as if to make a quick getaway.

The salon owner could see that the driver of the SUV was the same woman with the wig who had just walked by her store. Two male occupants were also inside the

P:\CASES\prisoner-habeas\2016\16-0925.d02 insufficient evidence ineffective counsel (trial and appellate).12.12.2016.wpd

2

vehicle. One was bald and heavyset, and the other was slender. The slender man was turning his head from side to side, scoping out the area. The salon owner observed the heavyset male putting something on top of his head, but it was not fitting. The owner then saw the same man donning a pair of gloves and raising a handgun, as if to load it with a magazine. The owner panicked and directed a coworker to call the police, believing that she was about to be robbed.

The owner watched as the heavyset male opened a passenger door with a bag in his hand. Before the man could fully touch the pavement, a shopper with a baby stroller walked in front of the salon, prompting the man to return to the vehicle. The man waited a few moments to try again. Just as he prepared to exit the vehicle a second time, a car drove by and parked two spaces away. The woman in the white SUV decided to move the vehicle to another spot. By the time she had parked, more cars had arrived at the shopping center and sirens could be heard in the distance. The SUV promptly drove away.

A police officer encountered the SUV not far from the shopping center. With lights and sirens engaged, a short chase ensued. At one point the SUV slowed down to a rolling stop, and the two male passengers jumped from the vehicle and ran off on foot. They discarded a black bag, a mask, gloves, and a handgun, which were all later recovered.

The police officer stayed with the SUV as it sped away, but he called for backup and gave descriptions of the two male passengers. A perimeter was established and a search team was called in, including dogs and a helicopter. Police were eventually led to a dump truck, where they found the bald, heavyset male hiding inside. He was sweaty and claimed to have been sleeping. Police apprehended the man and took him to the hair salon, where the salon owner identified him as the male passenger who had exhibited the gun. During trial, the owner made an in-court identification of [Adekeye] as the same bald, heavyset male.

Police detained the driver of the SUV after another short chase. She was also taken to the salon owner, who positively identified her as the woman with the unkempt wig and ripped jeans. [Adekeye]'s only defense witness, his mother, established that the female driver was also [Adekeye]'s pregnant girlfriend. The slender male passenger was never caught.

*Adekeye*, 437 S.W.3d at 66–67.

P:\CASES\prisoner-habeas\2016\16-0925.d02.insufficient evidence.ineffective counsel (trial and appellate) 12,12,2016 wpd

3

### III.     The AEDPA Standard of Review

Under 28 U.S.C. § 2254(d), a federal court may grant a habeas writ for a defendant convicted under a state judgment only if the state-courts adjudication of the defendant's constitutional claim (1) "'was contrary to' federal law then clearly established in the holdings of" the Supreme Court, (2) "'involved an unreasonable application of'" clearly established Supreme Court precedent, or (3) "'was based on an unreasonable determination of the facts' in light of the record before the state court." *Harrington v. Richter*, 562 U.S. 86, 100–101 (2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)); 28 U.S.C. § 2254(d). The AEDPA "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in [28 U.S.C.] §§ 2254(d)(1) and (d)(2)." *Id.*, 131 S. Ct. at 784 (2011). Under those provisions, "a federal court cannot grant a petition for a writ of habeas corpus unless the state court's adjudication of the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law.'" *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) (quoting 28 U.S.C. § 2254(d)(1)); *see also Thaler v. Haynes*, 559 U.S. 43, 47 (2010); *Bell v. Cone*, 535 U.S. 685, 698 (2002); *Early v. Packer*, 537 U.S. 3, 7-8 (2002); *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

"The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see also Morrow v. Dretke*, 367 F.3d 309, 313 (5th Cir. 2004); *Foster v. Johnson*, 293 F.3d 766, 776 (5th Cir. 2002). Similarly, federal courts defer to a state court's factual determinations, presuming all factual findings to be correct. *See* 28 U.S.C. § 2254(e)(1),(2). "The presumption of correctness not only applies to explicit findings

4

of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

Adekeye is representing himself. A habeas petition filed by an unrepresented petitioner is construed liberally and not held to the same stringent and rigorous standards as pleadings filed by lawyers. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court broadly interprets the state and federal habeas petitions. *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999).

## IV. Analysis

### A. The Claims of Ineffective Assistance of Counsel

#### 1. The Legal Standard

An ineffective-assistance-of-counsel allegation in a § 2254 motion is analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, the movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Strickland*, 466 U.S. at 687. The movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001).

Counsel's performance is constitutionally deficient if it falls below "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In reviewing an ineffectiveness claim, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Id.* at 689. An ineffective-assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of

counsel's conduct[,]" because otherwise "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id.*

The prejudice element requires the movant to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If the movant fails to prove one prong of the *Strickland* test, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."). "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997).

Under AEDPA, this court's task is to assess whether the state court was reasonable in denying Adekeye's *Strickland* claims. While "[s]urmounting *Strickland*'s high bar is never an easy task," a habeas petitioner's duty to "[e]stablish[] that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010); *Harrington v. Richter,* 562 U.S. 86, 105 (2011). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." 562 U.S. at 101 (quotation omitted). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,'. . . and when the two apply in tandem, review is 'doubly so.'" *Richter*, 562 U.S. at 105; *see also Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

        **2.**      **The Claim that Trial Counsel Provided Ineffective Assistance by Failing to File a Motion Excluding Prior Robbery Convictions (Ground 2a)**

P:\CASES\prisoner-habeas\2016\16-0925.d02.insufficient evidence.ineffective counsel.(trial and appellate).12.12.2016.wpd

6

Adekeye claims that his trial counsel was ineffective for failing to file a motion to prevent the jury from learning about his two prior robbery convictions, which unfairly prejudiced his defense. Fed. Writ Pet. 6; Pet'r's Memo at 20–23.

Counsel is not required to file frivolous motions or make frivolous objections. *Green v. Johnson*, 160 F.3d 1029, 1037; *McCoy v. Lynaugh*, 874 F.2d 954, 963 (5th Cir. 1989); *Kimmelman v. Morrison*, 477 U.S. 365, 383–84 (1986). The question is whether a motion to suppress the prior convictions would likely have been granted had it been made. *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987). Because filing pretrial motions "falls squarely within the ambit of trial strategy," it cannot form the basis for constitutionally ineffective assistance of counsel unless such strategy "permeates the entire trial with obvious unfairness." *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984); *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983).

Adekeye fails to show that, even if a suppression motion had been filed, the court would have granted it or that the outcome of trial would have been different. The jury was told about only one of Adekeye's prior aggravated robbery convictions. It was the conviction in Case Number 1021003, alleged in the indictment in this case that enhanced Adekeye to convicted-felon status for his felon-in-possession offense. *See e.g.* 2 RR 100–01. Filing a motion to prevent the jury from hearing about the robbery conviction alleged in Cause Number 1021002 but not introduced in evidence or raised in this case, would have been frivolous.

Even if Adekeye's counsel was deficient for failing to prevent the jury from learning of the one aggravated robbery conviction, the record does not show prejudice. *See Strickland*, 466 U.S. at 693–94. Other trial evidence amply established Adekeye's guilt. There is no basis to infer that the result of trial would have been different had counsel filed a motion to suppress the evidence. *See*

7

*Wilkerson v. Whitley*, 16 F.3d 64, 68 (5th Cir. 1994), opinion reinstated in part on other grounds, 28 F.3d 498 (5th Cir. 1995).  The Texas Fourteenth Court of Appeals stated on direct review that "the State presented a strong case of [Adekeye]'s guilt." *See Adekeye*, 437 S.W.3d at 73.  That Court noted that "[t]he eyewitness testimony of the salon owner placed [Adekeye] at the scene of the crime with a weapon in hand.  A police officer testified that [Adekeye] ran off on foot after being pursued in a vehicle.  In the process, either [Adekeye] or his fellow passenger disposed of a bag, mask, gloves, and firearm, which fully corroborated the salon owner's testimony.  Finally, [Adekeye] was found hiding at the base of a dump truck, sweaty and claiming to have been sleeping.  This evidence of guilt is overwhelming." *Adekeye*, 437 S.W.3d at 73.  The Texas Court of Criminal Appeals also rejected Adekeye's ineffective-assistance claim, stating that Adekeye had failed "to demonstrate that trial counsel's representation fell below an objective standard of reasonableness or that with a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  SHCR at 99.

Adekeye fails to show that the court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  SHCR at cover; 28 U.S.C. § 2254(d)(1).  The respondent is entitled to summary judgment on this claim.

### 3.      Failure to investigate (claim 2b)

Adekeye claims that his trial counsel failed to investigate or request funds to hire an investigator, and "failed to visit the location or interview any of the witnesses that were in the salon or the adjoining businesses."  Fed. Writ Pet. at 7; Pet'r's Memo at 24–27.  Counsel must "make a reasonable investigation of defendant's case or to make a reasonable decision that a particular

investigation is unnecessary." *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997) (citing *Strickland*, 466 U.S. at 691); *see James Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985); *Martin v. Maggio*, 711 F.2d 1273, 1280 (5th Cir. 1983). "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 690–91; *see also Bell v. Lynaugh*, 828 F.2d 1085, 1088 (5th Cir. 1987); *Lowenfield v. Phelps*, 817 F.2d 285, 290 (5th Cir. 1987).

The reasonableness of counsel's investigation depends in large part on the information the defendant supplies. *See Ransom*, 126 F.3d at 123; *McCoy v. Lynaugh*, 874 F.2d 954, 964 (5th Cir. 1989); *Mattheson v. King*, 751 F.2d 1432, 1440 (5th Cir. 1985). Counsel should interview potential witnesses and independently investigate the facts and circumstances of the case, but counsel "is not required 'to investigate everyone whose name happens to be mentioned by the defendant.'" *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985) (quoting *Cockrell*, 720 F.2d at 1428); *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994).

Adekeye fails to allege, and the record fails to show, evidence that trial counsel's investigation and interviews would have uncovered or how that evidence would have changed the trial outcome. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

In the hearing on the new-trial motion, Adekeye's counsel stated that he did hire an investigator, but the family refused to pay him and the investigator did not provide a report. Counsel also testified that he believed the investigator went to the place where the crime allegedly occurred.

P:\CASES\prisoner-habeas\2016\16-0925.d02.insufficient evidence.ineffective counsel (trial and appellate).12.12.2016.wpd

9

3 MNT RR 26, 61.  In rejecting this claim, the state habeas court found counsel credible, and this finding is presumed correct.  28 U.S.C. § 2254(e); *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). The respondent is entitled to summary judgment on this claim.

### 4.    Failure to request a limiting instruction (claim 2c)

The final ineffective assistance claim is that Adekeye's counsel failed to request a limiting instruction "to prevent the jurors from using the two prior convictions for ANY and ALL purposes." Fed. Writ Pet. at 7; Pet'r's Memo at 27–29.  As previously noted, the jurors were not told about the prior aggravated robbery conviction in Cause Number 1012002 and could not use that conviction even absent a limiting instruction.

Because the aggravated robbery conviction was alleged in the indictment for felon in possession of a firearm and put before the jury, the State had to prove the underlying felony of the aggravated robbery.  The jury properly considered the prior aggravated robbery conviction to determine Adekeye's guilt as an alleged felon in possession of a firearm.

The record provides no basis to overcome the strong presumption in favor of finding that trial counsel provided adequate assistance and that the challenged conduct was the product of reasoned trial strategy.  *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996).  Trial counsel consistently argued throughout the trial proceedings that, just because Adekeye had been previously convicted of a similar crime, the State must still meet its burden to show that Adekeye committed the crime for which he was being tried.  *See, e.g.* 2 RR 106, 3 RR 132–33, 4 RR 3–4.  And even if counsel was deficient for failing to request this instruction, Adekeye cannot show prejudice because other evidence establishing his guilt was overwhelming.  *See Wilkerson*, 16 F.3d at 68.

The state habeas court found that Adekeye failed "to demonstrate that counsel provided representation that 'amounted to incompetence under 'prevailing professional norms''" and instead held that counsel provided effective assistance. SHCR at 84. The Texas Court of Criminal Appeals considered and rejected Adekeye's ineffective assistance claims. Adekeye fails to show that the state-court finding was contrary to, or an unreasonable application of, Supreme Court precedent. The respondent is entitled to summary judgment on this claim.

**B.    Adekeye Received Effective Assistance of Appellate Counsel.**

Adekeye claims that his appellate counsel was ineffective because she failed to adequately brief the *Strickland* prejudice prong in her appellate brief. Fed. Writ Pet. at 7½; Pet'r's Memo at 30–34. A defendant is constitutionally entitled to effective assistance of counsel for an appeal that is a matter of right under state law. *Evitts v. Lucey*, 469 U.S. 387, 394–95 (1985); *Douglas v. California*, 372 U.S. 353, 355–56 (1963). The *Strickland* standard applies to claims of appellate counsel error. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). An attorney's decision not to pursue a certain claim on appeal, after considering the claim and believing it to be without merit, is within the "wide range of professionally competent assistance" that *Strickland* requires. *Smith v. Murray*, 477 U.S. 527, 536 (1986). The process of "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Id.* (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)); *see also Robbins*, 528 U.S. at 288 (notwithstanding *Jones v. Barnes*, "it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent."); *United States v. Williamson*, 183 F.3d 458, 462–63, n.7 (5th Cir. 1999) (because "factual differences will make authority easily distinguishable, whether

persuasively or not . . . it is not necessarily providing ineffective assistance of counsel to fail to construct an argument that may or may not succeed."). Prejudice in the context of appellate counsel error requires a petitioner to show a reasonable probability that he would have prevailed on appeal, under current law, not under the law in effect during the underlying state court direct appeal. *Robbins*, 528 U.S. at 285–86; *Briseno v. Cockrell*, 274 F.3d 204, 211 (5th Cir. 2001); *Westley v. Johnson*, 83 F.3d 714, 723 (5th Cir. 1996).

Adekeye claims that his appellate counsel inadequately briefed the prejudice prong of his ineffective-assistance-of-trial-counsel claims. Fed. Writ Pet. at 7½; Pet'r's Memo at 30–34. The record shows that grounds were in fact briefed on direct appeal, but rejected. *Adekeye*, 437 S.W.3d at 70–76. Adekeye has failed to show a basis for relief on his underlying ineffective-assistance-of-trial-counsel claims. He has also failed to show a basis to overcome the state habeas court's rejection of his separate substantive claims. *See Vega v. Johnson*, 149 F.3d 354, 362 (5th Cir. 1998). *Cantu v. Collins*, 967 F.2d 1006, 1017 (5th Cir. 1992) (if the state and federal habeas courts reject the trial issues for which a petitioner faults appellate counsel's failure to raise on direct appeal, the claim of appellate attorney error is frivolous).

The state habeas court explicitly found that Adekeye failed "to demonstrate that appellate counsel was objectively unreasonable in failing to raise additional issues on appeal" or that, "but for appellate counsel's actions, [Adekeye] would have prevailed on appeal." SHCR at 99. Adekeye has not shown that the state court decisions on his claims were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. Nor has he shown that the state court decision was based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). The respondent is entitled to summary judgment dismissing this claim.

## V.    The Claim of Insufficient Evidence

Adekeye alleges that the evidence was insufficient to support his attempted aggravated robbery, arguing that the State failed to prove that he had the specific intent to rob the store. Evidence is sufficient to support the conviction if it satisfied the "substantive elements of the criminal offense as defined by state law." *Brown v. Collins,* 937 F.2d 175, 181 (5th Cir. 1991) (quoting *Jackson,* 443 U.S. at 324 n.16). The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, if a reasonable trier of fact could have found that the evidence, and all reasonable inferences drawn from it established guilt beyond a reasonable doubt. *United States v. Salazar,* 958 F.2d 1285, 1294 (5th Cir.), *cert. denied,* 506 U.S. 863 (1992).

A federal court must consider whether, viewing all the evidence "in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318-19 (1979). Credibility choices and conflicting inferences are to be resolved in the fact-finder's favor. *United States v. Cyprian,* 197 F.3d 736, 740 (5th Cir. 1999), *cert. denied,* 531 U.S. 822 (2000). When the state court has carefully reviewed the constitutional sufficiency of the evidence, its determination is entitled to substantial weight. *Jackson v. Virginia,* 443 U.S. 307, 332 n.15 (1979).

"When one reasoned state court decision rejects a federal claim, subsequent unexplained orders upholding that judgment or rejecting the same claim are considered to rest on the same ground

as did the reasoned state judgment." *Bledsue v. Johnson,* 188 F.3d 250, 256 (5th Cir. 1999). This "look through" doctrine enables a federal habeas court "to ignore—and hence, look through—an unexplained state court denial and evaluate the last reasoned state court decision." *Id.; see also Renz v. Scott,* 28 F.3d 431, 432 (5th Cir. 1994) (finding that the denial of relief "on the findings of the trial court" by the Texas Court of Criminal Appeals adopts an express finding by the trial court that a claim was procedurally barred from habeas review); *Ylst v. Nunnemaker,* 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

The Fourteenth Court of Appeals rejected Adekeye's challenge to the sufficiency of the evidence. Because the Fourteenth Court of Appeals issued the last reasoned opinion, this court "looks through" the Texas Court of Criminal Appeals order to the appellate-court decision.

The Fourteenth Court of Appeals found:

> In his first and third issues, [Adekeye] challenges whether the evidence is sufficient to support his conviction for attempted aggravated robbery. [Adekeye] asserts that there is no evidence that he had the specific intent to target the hair salon in a robbery or other criminal act. He also contends that, if he were involved in the act described, his actions only rose to the level of preparation, rather than criminal attempt.
>
> . . .
>
> Under the law of criminal attempt, a person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. *See* Tex. Penal Code § 15.01(a). A person commits an aggravated robbery if, while in the course of committing a theft, he uses or exhibits a deadly weapon and intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *See id.* §§ 29.02(a)(2), 29.03(a)(2). "In the course of committing a theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft. *Id.* § 29.01(1).

Intent can be inferred by a person's conduct and surrounding circumstances. *See Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009). Based on the record as a whole, a rational jury could have determined that [Adekeye] had the requisite intent to commit an aggravated robbery of the hair salon. The evidence showed that [Adekeye] was seated in a car that was parked in a reverse position directly in front of a hair salon. The placement of the car was indicative of a person wanting to make a quick escape after criminal misconduct.

The evidence also showed that [Adekeye] lingered inside the vehicle while another male passenger monitored the area. [Adekeye] was observed putting something on top of his head, and the jury could have inferred that the object was the mask that was recovered by police. [Adekeye] was also seen donning a pair of gloves and raising a handgun, as though he were loading it with a new magazine. [Adekeye] twice attempted to exit the vehicle with a bag in hand. On both occasions, [Adekeye]'s return to the vehicle coincided with the arrival of third-party shoppers. A jury could have inferred from this conduct that [Adekeye] was attempting to minimize the risks of detection before he finally effectuated a robbery.

[Adekeye] contends that the evidence is insufficient because the testimony was not always consistent. The salon owner claimed that [Adekeye] was sitting in the front passenger seat of the SUV wearing a beige-colored shirt. By contrast, the responding officer testified that [Adekeye] was sitting in the rear passenger seat wearing a bright yellow shirt. Neither of these statements goes to an element of attempted aggravated robbery. The witnesses were in agreement that [Adekeye] was involved in the robbery attempt. The disagreement over his placement within the vehicle and the description of his clothing does not alter our determination that a jury could have found every essential element of the offense beyond a reasonable doubt.

[Adekeye] also contends that his conduct may have had other explanations that fell outside the scope of the indictment. [Adekeye] suggests that he "perhaps" intended to rob another business, instead of the hair salon. He also conjectures that he might have intended to commit an "other type of crime," such as an assault on a customer in an adjoining business. [Adekeye] seems to argue that the evidence is insufficient unless the State disproves other reasonable hypotheses for his behavior. But the State has no such burden. *See Geesa v. State*, 820 S.W.2d 154, 159 (Tex. Crim. App. 1991), overruled on other grounds by *Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000). The evidence was sufficient to convict [Adekeye] as charged because the salon owner testified to facts demonstrating an attempted aggravated robbery on her business. The conviction was further supported by testimony that [Adekeye] had fled from police, which is circumstantial evidence of guilt that a jury may consider.

*See Bigby v. State*, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994).

P:\CASES\prisoner-habeas\2016\16-0925.d02.insufficient evidence ineffective counsel (trial and appellate) 12.12.2016.wpd

15

[Adekeye] finally contends that there is no evidence showing that he committed an act amounting to more than mere preparation. [Adekeye] asserts that he abandoned a plan to commit an aggravated robbery before it rose to the level of actual attempt. We disagree.

Section 15.01 of the Texas Penal Code, the statute establishing the offense of attempt, draws an "imaginary line" between mere preparatory conduct, which is usually non-criminal, from an act which tends to effect the commission of the offense, which is always criminal conduct. See *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex. Crim. App. 1984). Where the imaginary line falls must be determined on a case-by-case basis. *See Gibbons v. State*, 634 S.W.2d 700, 707 (Tex. Crim. App. [Panel Op.] 1982); *Sorce v. State*, 736 S.W.2d 851, 857 (Tex. App.–Houston [14th Dist.] 1987, pet. ref'd). A person may commit an attempt even if he could have taken further actions without actually committing the intended offense. *See Hackbarth v. State*, 617 S.W.2d 944, 946 (Tex. Crim. App. [Panel Op.] 1981); *Sorce*, 736 S.W.2d at 857.

The evidence showed that overt acts were taken in furtherance of an aggravated robbery. [Adekeye]'s girlfriend surveyed the hair salon, the intended target. Minutes later, she backed a vehicle into a parking spot in a reverse position. The parking spot was situated directly in front of the hair salon. By parking the vehicle so close to the hair salon and in a direction that would aid a getaway, [Adekeye] participated in an act that tended but failed to effect the commission of an aggravated robbery.

The evidence also showed that the salon owner witnessed [Adekeye] putting something on top of his head. Although she denied affirmatively stating that the object was a mask, the jury could have determined that the object was in fact the mask that was recovered by police. Furthermore, the salon owner saw [Adekeye] exhibiting a gun, followed closely by his attempted exit from the vehicle with a bag in hand. The exhibition of a weapon is an act that tends to effect the commission of an aggravated robbery. Indeed, it is undisputed that [Adekeye]'s actions placed the salon owner in fear of imminent bodily injury or death. Viewed in the light most favorable to the verdict, the evidence supports a finding that [Adekeye] took actions beyond mere preparation in furtherance of an aggravated robbery.

. . .

Here, [Adekeye] performed specific acts that resulted in his detection and the calling of police–namely, he exhibited a weapon and attempted to exit a vehicle under circumstances indicative of an attempted aggravated robbery. Evidence of flight supports a finding that these acts tended but failed to achieve that robbery.

We conclude that a rational jury could have determined that [Adekeye] crossed the "imaginary line" and that his conduct amounted to more than mere preparation. *Cf. Godsey v. State*, 719 S.W.2d 578, 583 (Tex. Crim. App. 1986) (attempted murder conviction supported where there was only one "last proximate act," the pulling of the trigger); *accord New v. State*, 270 Ga.App. 341, 606 S.E.2d 865, 866–87 (2004) (attempted aggravated robbery conviction supported where defendant was observed moving his vehicle to different spots around a restaurant while wearing a mask and surreptitiously watching a group of people).

[Adekeye] suggests that he abandoned the attempt because he twice returned to the vehicle after trying to exit it.  Abandonment, or renunciation, is an affirmative defense, but [Adekeye] never submitted it as a theory in the jury charge. *See* Tex. Penal Code §15.04(a).  Furthermore, abandonment must be voluntary, and the defense is not available if the abandonment is motivated in whole or in part "by circumstances not present or apparent at the inception of the actor's course of conduct that increase the probability of detection or apprehension or that make more difficult the accomplishment of the objective." *Id.* § 15.04(c)(1).  Even if the defense had been charged, a rational jury could have determined that [Adekeye] did not voluntarily abandon the offense because his return to the vehicle was actually motivated by the arrival of other shoppers, who increased the probability of detection or apprehension.

[Adekeye]'s first and third issues are overruled.

*Adekeye*, 437 S.W.3d at 67-70.

A rational trier of fact could have found, beyond a reasonable doubt, that Adekeye committed the offense of attempted aggravated robbery.  Adekeye is not entitled to habeas relief on his insufficient-evidence claim. *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993), *cert. denied*, 510 U.S. 1141 (1994).

## VI.    The Due Process Claim
         (Claim 4)

Adekeye also alleges that his due process rights were violated because the intermediate appellate court accepted an inadequate brief.  This is an ineffective-assistance-of-counsel claim because there is no federal constitutional right to have an appellate court review the quality of the

P:\CASES\prisoner-habeas\2016\16-0925.d02.insufficient evidence.ineffective counsel (trial and appellate) 12.12.2016.wpd

17

brief submitted to it on direct appeal. *See, e.g., Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a petitioner that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'"). The respondent is entitled to summary judgment on this claim.

## VII.   Conclusion and Order

The respondent's motion for summary judgment, (Docket Entry No. 15), is granted. Final judgment is entered by separate order.

A certificate of appealability is not issued. The showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Finley v. Johnson*, 243 F.3d 2150, 218 (5th Cir. 2001). Adekeye has not made the necessary showing.

SIGNED on December 12, 2016, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

P:\CASES\prisoner-habeas\2016\16-0925.d02 insufficient evidence ineffective counsel (trial and appellate).12.12.2016.wpd

18